IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. MITCHELL and TAMMITHA M. MITCHELL, husband and wife | : : : : |
| Plaintiffs | : CI-02- CV3652 |
| v. | : : |
| POWERMATIC CORPORATION, a/k/a POWERMATIC, INC., JET EQUIPMENT & TOOLS, INC., and DEVLIEG-BULLARD, INC., a/k/a DEVLIEG BULLARD II, INC. | : JURY TRIAL DEMANDED : : : : |
| Defendants | : |

**MOTION FOR SANCTIONS**

PLAINTIFFS, BY AND THROUGH THEIR ATTORNEYS, SOREN P. WEST LAW OFFICES, MOVE YOUR HONORABLE COURT FOR SANCTIONS AGAINST DEFENDANT POWERMATIC FOR THE FOLLOWING REASONS:

1. On November 19, 2002, Plaintiffs served their First Request for Production of Documents to Powermatic and their First Interrogatories to Powermatic, attached hereto as (**EXHIBITS A** and **B,** respectively).

2. On January 7, 2003, Plaintiffs' counsel, Richard Zimmerman, wrote counsel for Powermatic, Joel Paul Fishbein, reminding him that discovery responses from Defendant Powermatic were overdue (**EXHIBIT C**).

3. In subsequent conversations between counsel, Plaintiffs were assured answers to their discovery were forthcoming.

4. On January 30, 2003, Mr. Zimmerman sent Mr. Fishbein a letter confirming his assurances that answers to Plaintiffs' discovery would be forthcoming (**EXHIBIT D**).

5. On March 9, 2003, Plaintiffs received Defendant Powermatic Corporation's Answers to Plaintiffs' Interrogatories (**EXHIBIT E**).

6. Defendant Powermatic Corporation's Answers did not address any questions relating to the production of the Powermatic Shaper, Model 27, involved in this suit which it

continues to manufacture and sell. See the WMH Tool Group Web Page for Powermatic Shaper, Model 27, attached hereto as (**EXHIBIT F**).

7. Defendant Powermatic Corporation did not provide any documents relating to the manufacture of Powermatic Shaper Model 27.

8. On March 31, 2003, Mr. Zimmerman called and wrote to Mr. Fishbein advising him that Defendant Powermatic Corporation's Answers to Interrogatories were non-responsive and evasive and requesting full and complete answers to their discovery requests (**EXHIBIT G**).

9. On April 7, 2003, Plaintiffs received Defendant Powermatic Corporation's Responses to their requests documents with no documents attached (**EXHIBIT H**).

10. Defendant Powermatic's Responses to Requests 1 - 8 and 11, deny that Defendant designed, manufactures or sells the relevant shaper in spite of evidence to the contrary (paragraph 6, above).

11. On April 8, 2003, Plaintiffs filed a Motion to Compel Discovery (**EXHIBIT I**).

12. On April 28, 2003, Plaintiffs' Motion was granted and Defendant was ordered to provide full and complete answers to Plaintiffs' Discovery (**EXHIBIT J**).

13. On April 14, 2003, Plaintiffs' served a second set of Interrogatories upon Defendant Powermatic (**EXHIBIT K**).

14. On May 13, 2003, Plaintiffs requested an additional 90 days to conduct discovery because they had received no responses to date (**EXHIBIT L**).

15. On May 15, 2003, Plaintiffs' request was granted and the deadline for discovery was extended to August 15, 2003 with the specific admonition that "[n]o further extensions or continuances will be granted" (**EXHIBIT M).**

16. On May 21, 2003, Mr. Zimmerman asked Mr. Fishbein to advise him when Plaintiffs could expect answers to their outstanding discovery and to give him dates for taking the depositions of William Bernstein and other corporate designees (**EXHIBIT N**).

17. On June 2, 2003, Mr. Zimmerman renewed these requests (**EXHIBIT O**).

18. On June 10, 2003, Mr. Zimmerman again renewed these requests (**EXHIBIT P**).

19. On June 20, 2003, having received no response to his previous three requests, Mr. Zimmerman filed a Notice of Deposition for William Bernstein and corporate designees for July 1, 2003 (**EXHIBITS Q** and **R,** respectively).

20. On June 25, 2003, Mr. Fishbein informed Mr. Zimmerman that he could not produce Mr. Bernstein on July 1, 2003.  However, he assured Mr. Zimmerman that, within the next two weeks, he would provide Plaintiffs with whatever information he could and would promptly supplement those responses.  He also assured counsel that he would soon provide dates for the deposition of Mr. Bernstein and corporate designees (**EXHIBITS S**).

21. As of the date of this filing, Defendant Powermatic:

   a. has provided no answers or documents to Plaintiffs first discovery requests or this Court's Order;

   b. has provided no answers to Plaintiffs' second set of discovery;

   c. has not identified a single corporate designee for deposition;

   d. has not identified any date on which either William Bernstein or corporate designees may be deposed.

22. The information sought is within the exclusive control of Defendants, and without such information, Plaintiffs have been unable to advance the prosecution of their case.

23. Plaintiffs' case has been severely prejudiced and Plaintiffs do not now have sufficient time remaining to investigate their claims.

24. Defendant Powermatic Corporation is now over seven months late in providing full and complete answers to Plaintiffs' original discovery requests, and is over two months late in complying with this Court's Order of April 28, 2003.

25. Defendant Powermatic Corporation's conduct has been dilatory, evasive, and uncooperative.

26. Pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), Plaintiffs are entitled to the reasonable expenses incurred in making this motion, including attorney's fees.

27. Pursuant to Federal Rule of Civil Procedure 37(d) and 37(b)(2)(A) and (B), Plaintiffs request that Defendant Powermatic Corporation be precluding from opposing Plaintiffs' allegations that:

    a. Defendant Powermatic Corporation is merely a continuation of Powermatic Inc. and thus liable for harm caused by Powermatic Inc.'s Shaper, Model 27;

    b. Defendant Powermatic Corporation undertook to conduct the same manufacturing operation of Powermatic Inc.'s Shaper, Model 27 product line in essentially an unchanged manner and is therefore liable for Plaintiffs' injuries under the "product line" exception to corporate successor non-liability;

    c. The Powermatic Shaper, Model 27, was defective in its design and manufacture and that such defects were the direct and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiffs respectfully request this Honorable issue an Order granting Plaintiffs requests for relief and that a trial on damages be held.

SOREN P. WEST LAW OFFICES

July 25, 2003    BY:_____
    Soren P. West, #08223
    Attorneys for Plaintiff
    319 North Duke Street
    Lancaster, PA 17602-4915
    (717) 295-7272