IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. MITCHELL and TAMMITHA M. MITCHELL, husband and wife | : : : : |
| Plaintiffs | : CI-02- CV3652 : |
| v. | : : |
| POWERMATIC CORPORATION, a/k/a POWERMATIC, INC., JET EQUIPMENT & TOOLS, INC., and DEVLIEG-BULLARD, INC., a/k/a DEVLIEG BULLARD II, INC. | : JURY TRIAL DEMANDED : : : : : |
| Defendants | : |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

On November 19, 2002, Plaintiffs served Interrogatories and Requests for Production of Documents on Defendant Powermatic Corporation. The information Plaintiffs sought from Defendant remains crucial to the liability issues of their case. Although Plaintiffs were assured answers would be forthcoming, repeated requests of opposing counsel by phone, letter and formal documents availed them nothing except the name of William Bernstein, who is unavailable for deposition.

Defendant Powermatic Corporation has never offered any explanation, reasonable or not, for this delay. While Plaintiffs are sympathetic to Mr. Bernstein's illness, he is surely not the only one in what appears to be a large and well-established manufacturing concern to have significant knowledge of operative facts. Nonetheless, Defendant has failed to designate anyone else to speak on behalf of the corporation by deposition.

All of the information the Plaintiffs are seeking is within the exclusive control of the Defendant. Only three weeks remain until discovery is closed by Order of this Court. Even if Defendant Powermatic should respond to this Motion with full and complete discovery, the remaining time will be much less than required for Plaintiffs to conduct any follow-up discovery or case preparation. Plaintiff supplied his initial liability expert report long before the court

deadline which has now passed. There is no time now to permit the expert to file a supplemental report based on matters learned and documents obtained concerning the Powermatic Model 27 Shaper.

Defendant Powermatic's dilatory behavior and flagrant violation of this Court's Order of April 28, 2003, has fatally prejudiced Plaintiffs' case.

Pursuant to Federal Rule of Civil Procedure 37(d) and 37(b)(2)(A) and (B), Defendant Powermatic Corporation should be precluded from opposing Plaintiffs claims that Defendant is liable for Plaintiffs' injuries.

Plaintiffs have, at all times, acted in good faith and sought to resolve these issues without the intervention of this Court. Under the present circumstances, Court intervention is all Plaintiffs have left to support the merits of their case.

WHEREFORE, Plaintiffs request this Honorable Court to issue an Order sanctioning Defendant Powermatic Corporation and to pay Plaintiffs reasonable costs in bringing this motion, including attorney fees.

SOREN P. WEST LAW OFFICES

July 25, 2003

BY:_____
Soren P. West, #08223
Attorneys for Plaintiff
319 North Duke Street
Lancaster, PA 17602-4915
(717) 295-7272