IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. MITCHELL and TAMMITHA M. MITCHELL, husband and wife | : : : : | |
| vs. | : : | CI-02-CV3652 |
| POWERMATIC CORPORATION, a/k/a POWERMATIC, INC., JET EQUIPMENT & TOOLS, INC., AND DEVLIEG-BULLARD, INC. a/k/a DEVLIEG BULLARD II, INC. | : : : : : | JURY TRIAL DEMANDED |

## *ORDER*

AND NOW, this         day of                   , 2003, it is hereby ORDERED and DECREED that the plaintiffs' motion for sanctions is DENIED.

**BY THE COURT:**

_____
                                                                                                   J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. MITCHELL and TAMMITHA M. MITCHELL, husband and wife | : : : : | |
| vs. | : : | CI-02-CV3652 |
| POWERMATIC CORPORATION, a/k/a POWERMATIC, INC., JET EQUIPMENT & TOOLS, INC., AND DEVLIEG-BULLARD, INC. a/k/a DEVLIEG BULLARD II, INC. | : : : : : | JURY TRIAL DEMANDED |

### ANSWER OF WMH TOOL GROUP, INC. (FORMERLY KNOWN AS JET EQUIPMENT & TOOLS , INC.), SUCCESSOR - BY - MERGER TO POWERMATIC CORPORATION TO PLAINTIFFS' MOTION FOR SANCTIONS

WMH Tool Group, Inc. (formerly known as Jet Equipment & Tools, Inc.), Successor-By-Merger to Powermatic Corporation, opposes plaintiffs' motion for sanctions in the form of a preclusion order and sets out the following answer in support of its position.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted, except that the letter was directed to Mr. Fishbein's partner, Louis Bricklin, Esquire.

5. Admitted.

6. Denied as stated. On the contrary, defendant's answers were directed to the Powermatic shaper involved in the accident which was not manufactured by answering defendant, but rather by Houdaille, Inc.

7. Admitted.

8. That the phone call was made and letter was sent is admitted.

9. Denied as stated. On the contrary, answering defendant's answers to request for production advised that it did not manufacture the Powermatic shaper involved in the accident, objected to several of the requests and incorporated by reference the documents in its self-executing disclosures.

10. Denied. On the contrary, answering defendant denied and continues to deny that it manufactured the Powermatic shaper involved in the plaintiff's accident. On the contrary, the shaper was manufactured by Houdaille, Inc., the predecessor of the Powermatic Division of DeVlieg Bullard, Inc., some of whose assets were acquired by Jet Equipment & Tools, Inc. through a sale authorized by the bankruptcy court.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted. Further, answering defendant joined in the request for the extension of the discovery deadline.

15. Admitted.

16. - 20. Admitted. However, defendant has been hampered in its obtaining information to answer plaintiffs' discovery requests because of the serious illness of William Bernstein, Esquire, outside counsel for answering defendant, who underwent major surgery for a cancerous left kidney in April of 2003. A copy of the affidavit of William Bernstein, Esquire, which was previously supplied to the court by letter of May 14, 2003, is attached hereto and designated as Exhibit "A". Defendant has utilized other resources to obtain information to answer plaintiffs' discovery requests.

21. Denied. On the contrary, answering defendant has now provided supplemental

answers to plaintiffs' original interrogatories, answers to plaintiffs' second set of interrogatories, supplemental answers and has identified corporate designees for depositions. See letters from counsel for the defendant to counsel for the plaintiffs of August 12, 2003 which are attached hereto and designated as Exhibits "B" and "C", respectively.

22. After reasonable investigation, answering defendant is without sufficient knowledge to form a belief as to whether the information sought is within the exclusive control of defendant or that plaintiffs have been unable to advance the prosecution of their case, but nonetheless, defendant has now answered plaintiffs' discovery requests to the best of its ability.

23. Denied. Defendant has now answered plaintiffs' discovery and does not oppose an extension for further discovery on behalf of the plaintiffs.

24. Denied for the reasons set forth in answer 21 of this answer.

25. Denied. On the contrary, answering defendant has not been either evasive or uncooperative. Its initial answers to discovery were premised on the fact that it did not manufacture the Powermatic shaper which was involved in the plaintiffs' accident. Confirmation that answering defendant did not manufacture the shaper in question was provided to counsel in self-executing disclosures. The major reason for the delay in supplying answers to plaintiffs' discovery requests has been the illness and cancer surgery of William Bernstein, Esquire, as set out more fully in Mr. Bernstein's affidavit.

26. Denied. Defendant denies that plaintiffs are entitled to reasonable expenses in the filing of the motion for sanctions; this issue is within the sound discretion of the court.

27. Denied. Defendant has answered plaintiffs' discovery and complied with the order to compel discovery of April 28, 2003.

Defendant, WMH Tool Group, Inc. (formerly known as Jet Equipment & Tools, Inc.), Successor-By-Merger, to Powermatic Corporation, respectfully requests that Your Honorable Court deny plaintiffs' motion for sanctions.

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: _____
**JOEL PAUL FISHBEIN, Esquire**
Attorney for Defendant,
WMH Tool Group, Inc. formerly known as Jet Equipment & Tools, Inc., Successor-By-Merger to Powermatic Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. MITCHELL and<br>TAMMITHA M. MITCHELL, husband<br>and wife | :<br>:<br>:<br>: | |
| vs. | : | CI-02-CV3652 |
| | : | |
| POWERMATIC CORPORATION, a/k/a<br>POWERMATIC, INC., JET EQUIPMENT<br>& TOOLS, INC., AND DEVLIEG-<br>BULLARD, INC. a/k/a DEVLIEG<br>BULLARD II, INC. | :<br>:<br>:<br>:<br>: | <br><br><br>JURY TRIAL DEMANDED |

### ***MEMORANDUM OF LAW CONTRA PLAINTIFFS'***
### ***MOTION FOR SANCTIONS***

Defendant admits that it did not supply answers to plaintiffs' discovery until August 12, 2003. The reason for the delay is set forth in defendant's answer to the plaintiffs' motion for sanctions. Defendant's failure to timely serve discovery responses was in no way due to the willfulness, fault or bad faith of the defendant.

F.R.C.P. 37(b)(2) provides that in the event of a party's failure to comply with a discovery order, the court may make such orders in regard to the failure as are just.

Defendant avers that it did not manufacture the shaper involved in the plaintiff's accident and that it is not liable to the plaintiffs on theories of either successor liability or the product line exception. It is respectfully suggested that to preclude the defendant from raising these defenses, as well as other defenses it has, would not comport with either the letter or the spirit of Rule 37. Factors to be considered by the court include the willfulness, fault or bad faith of the party. Edgar v. Slaughter, 548 F.2d, 770 (CA8 Mo, 1977).

As noted by the Court of Appeals of the Second Circuit, the sanction of judgment by default for failure to comply with discovery orders is a most severe sanction which the court may apply, but

its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. The court went on to hold that where a party has acted in willful and deliberate disregard of reasonable and necessary court orders, the application of such a sanction is justified. Trans World Airlines, Inc. v. Hughes, 332 F.2d 602 (CA2 NY, 1964). It is respectfully submitted that defendant in this case has not acted in willful or deliberate disregard of the court's order .

The sanctions sought by the plaintiffs in this case deny the defendant the opportunity to present its defense and is even more severe than an exclusion of evidence by the defendant. As stated by the court in Bucher v. Gainey Transportation Service, 167 FRD 387 (MDPa. 1996), the exclusion of critical evidence is an extreme sanction and is not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.

A default judgment under FRCP 37(b) is appropriate for cases exhibiting flagrant bad faith and callous disregard. Winters v. Textron, Inc., 187 FRD 518 (MD Pa. 1999).

WHEREFORE, defendant, WMH Tool Group, Inc. formerly known as Jet Equipment & Tools, Inc., Successor-By-Merger to Powermatic Corporation, respectfully prays that the plaintiffs' motion for sanctions be dismissed.

                    BENNETT, BRICKLIN & SALTZBURG LLP


              BY: _____
                   **JOEL PAUL FISHBEIN, Esquire**
                   Attorney for Defendant,
                   WMH Tool Group, Inc. formerly known as Jet Equipment & Tools, Inc., Successor-By-Merger to Powermatic Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. MITCHELL and TAMMITHA M. MITCHELL, husband and wife | : : : : | |
| vs. | : : | CI-02-CV3652 |
| POWERMATIC CORPORATION, a/k/a POWERMATIC, INC., JET EQUIPMENT & TOOLS, INC., AND DEVLIEG-BULLARD, INC. a/k/a DEVLIEG BULLARD II, INC. | : : : : : : | JURY TRIAL DEMANDED |

## *CERTIFICATE OF SERVICE*

I do hereby certify that service of a true and correct copy of the answer of WMH Tool Group, Inc. (Formerly Known as Jet Equipment & Tools, Inc.) Successor-By-Merger to Powermatic Corporation to plaintiffs' motion for sanctions was made on the 18th day of August, 2003, to the parties listed below as follows:

Soren P. West, Esquire
319 North Duke Road
Lancaster, PA   17602-4915
Via Facsimile and Regular Mail

Warren E. Voter, Esquire
**Sweeney & Sheehan**
1515 Market Street, 19th Floor
Philadelphia, PA 19102
Via Facsimile and Regular Mail

Honorable William Yohn, Jr.
United States District Court for the
Eastern District of Pennsylvania
Room 14613
United States Courthouse
601 Market Street
Philadelphia, PA 19106
Via Hand Delivery

**BENNETT, BRICKLIN & SALTZBURG LLP**

BY: _____
**JOEL PAUL FISHBEIN, Esquire**
Attorney for Defendants,
WMH Tool Group, Inc., (Formerly
Known as Jet Equipment & Tools, Inc.),
Successor-By-Merger to Powermatic
Corporation