**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL J. MITCHELL | : | CIVIL ACTION |
| and | : | |
| TAMMITHA M. MITCHELL, h/w | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| POWERMATIC CORPORATION, a/k/a | : | |
| POWERMATIC, INC.; JET | : | |
| EQUIPMENT & TOOLS, INC., | : | |
| DEVLIEG-BULLARD, INC., a/k/a | : | |
| DEVLIEG BULLARD II | : | NO. 02-CV-3652 |

**ORDER**

______AND NOW, this day of , 2003, upon consideration of the Motion of Defendant, DeVlieg Bullard II, Inc.'s Motion for Summary Judgment, and any response thereto, it is hereby **ORDERED and DECREED** that said motion is **GRANTED**, and all claims against Defendant, DeVlieg Bullard II, Inc. are dismissed with prejudice.

**BY THE COURT:**

_________________________________
**J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL J. MITCHELL<br>and<br>TAMMITHA M. MITCHELL, h/w<br><br>v.<br><br>POWERMATIC CORPORATION, a/k/a<br>POWERMATIC, INC.; JET<br>EQUIPMENT & TOOLS, INC.,<br>DEVLIEG-BULLARD, INC., a/k/a<br>DEVLIEG BULLARD II | : | CIVIL ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>NO. 02-CV-3652 |

**MOTION FOR SUMMARY JUDGMENT OF**
**DEFENDANT, DeVLIEG BULLARD II, INC.**

Defendant, DeVlieg Bullard II, Inc. ("DB-II"), by and through its attorneys, Sweeney & Sheehan, P.C., hereby files this Motion for Summary Judgment and supporting Memorandum of Law and, in support thereof, avers as follows:

1. This is a products liability case based on an accident that allegedly occurred on June 8, 2000 wherein Plaintiff alleges that he injured his left hand and fingers while working on a Model 27 Powermatic® shaper ("the shaper") at Brubaker Kitchens in Lancaster, Pennsylvania. See Plaintiffs' Complaint, a true and correct copy of which is attached hereto as Exhibit "A".

2. Plaintiff sued Powermatic Corporation ("Powermatic Corp."), Jet Equipment & Tools, Inc. ("Jet"), DeVlieg Bullard, Inc. ("DB") and DeVlieg Bullard II, Inc. ("DB-II"). See Exhibit "A".

3. Plaintiffs' Complaint avers that DB-II is liable for alleged defects in the shaper.

4. In or about 1991, DB manufactured the shaper as a part of its Powermatic® Tool Division ("Tool Division").

5. In or about October of 1999, DB agreed to sell the entire Tool Division to

Powermatic Corporation. See the Asset Purchase Agreement between DB and Powermatic Corp., hereinafter referred to as "Agreement 1", attached hereto and marked as Exhibit "B".

6. DeVlieg Bullard II ("DB-II"), a Delaware corporation was formed on June 19, 2000 after Plaintiff's accident. See DB-II's Franchise Tax Report attached hereto and marked as Exhibit "C".

7. During its existence, DB-II has never owned or operated any part of the Tool Division nor has DB-II ever designed, manufactured, sold or otherwise distributed Tool Division products.

8. Summary Judgment should be granted to DB-II because Plaintiff cannot establish a *prima facie* case against DB-II.

9. There is no genuine issue that DB-II neither manufactured nor distributed the shaper.

10. There is no genuine issue that DB-II is immune from successor liability because DB-II has no transactional nexus to DB, nor has DB-II ever manufactured Powermatic® shapers.

11. Plaintiff has agreed to execute a Stipulation to Dismiss DB-II from the lawsuit. See Stipulation to Dismiss, attached hereto and marked as Exhibit "D".

12. Co-Defendant has not agreed to dismiss DB-II but never asserted a Crossclaim against DB-II.

**WHEREFORE,** DB-II respectfully requests that this Court grant summary judgment in its favor and enter the attached Order.

**SWEENEY & SHEEHAN**

By:________________________

Warren E. Voter
Attorney for Defendant,
DeVlieg Bullard, II, Inc.
Identification No. 38410
19th Floor, 1515 Market Street
Philadelphia, PA 19102
(215) 563-9811

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL J. MITCHELL<br>and<br>TAMMITHA M. MITCHELL, h/w<br><br>v.<br><br>POWERMATIC CORPORATION, a/k/a POWERMATIC, INC.; JET EQUIPMENT & TOOLS, INC., DEVLIEG-BULLARD, INC., a/k/a DEVLIEG BULLARD II | : | CIVIL ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>NO. 02-CV-3652 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,**
**DeVLIEG BULLARD-II, INC.'S MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF FACTS**

______This is a products liability case based on an accident that allegedly occurred on June 8, 2000 wherein Plaintiff alleges that he injured h is left hand and fingers while working on a Model 27 Powermatic® shaper ("the shaper") at Brubaker Kitchens in Lancaster, PA. See Plaintiffs' Complaint, a true and correct copy of which is attached hereto as Exhibit "A". Plaintiff sued Powermatic Corporation ("Powermatic Corp."), Jet Equipment & Tools, Inc. ("Jet"), DeVlieg Bullard, Inc. ("DB") and DeVlieg Bullard II, Inc. ("DB-II"). See Exhibit "A".

In or about 1991, DB manufactured the shaper as a part of its Powermatic® Tool Division ("Tool Division"). In or about October of 1999, DB agreed to sell the entire Tool Division to Powermatic Corp. See the Asset Purchase Agreement between DB and Powermatic Corp. hereinafter referred to as "Agreement 1", attached hereto and marked as Exhibit "B".

DeVlieg Bullard-II ("DB"), a Delaware corporation was formed on June 19, 2000 after the accident at issue. See DB-II's Franchise Tax Report attached hereto and marked as Exhibit "C". During its existence, DB-II has never owned or operated any part of the Tool Division nor has DB-II

ever designed, manufactured, sold or otherwise distributed Tool Division products.

Plaintiffs have agreed to execute a Stipulation for DB-II's dismissal. Though not having asserted a Crossclaim against DB-II, Co-Defendant, Powermatic has not yet agreed to do so, but has filed its own Motion for Summary Judgment. See Exhibit "D". Because DB-II cannot be held liable under any theory, DB-II requests that this Court grant Summary Judgment in its favor.

Summary Judgment must be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Accordingly, the moving party must initially identify the absence of a genuine issue of material fact, but once the movant meets that burden, the non-moving party must demonstrate that there is a genuine issue. Taylor v. People's Natural Gas Co., 843 F. Supp. 51, 52 (W.D. Pa. 1994) (citing Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574 (S. Ct. 1986)). An issue is genuine only if there is sufficient evidence upon which a reasonable jury could find for the non-moving party. VanBuskrok Ex Rel Van Buskrok v. West Bend Co., 100 F. Supp. 2d 281 (E.D. Pa. 1999) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). Furthermore, because Federal Courts apply state substantive law and federal procedural law when federal jurisdiction is based on diversity, the non-moving party has the burden of producing evidence to establish a *prima facie* case with regard to each element of its state law claim. See VanBuskrok, at 283, (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

Summary Judgment should be granted to DB-II because no party can establish a *prima facie* case under any theory of liability under Pennsylvania law. First, there is no genuine issue that DB-II neither manufactured nor distributed the shaper. Furthermore, there is no genuine issue that DB-II is immune from successor liability because DB and DB-II are corporate strangers and because DB-II never designed, manufactured, sold or otherwise distributed Powermatic® products. For these

reasons, DB-II respectfully requests that this Court grant Summary Judgment in its favor and enter the attached Order.

**SWEENEY & SHEEHAN**

By:________________________

Warren E. Voter
Attorney for Defendant,
DeVlieg Bullard II, Inc.
Identification No. 38410
19th Floor, 1515 Market St.
Philadelphia, Pennsylvania 19102
(215) 563-9811

**VERIFICATION**

______Warren E. Voter, attorney for Defendant, DeVlieg Bullard II, Inc., verifies and states that the facts set forth in the foregoing *MOTION FOR SUMMARY JUDGMENT* are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.



Warren E. Voter

Date: November 17, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL J. MITCHELL | : | CIVIL ACTION |
| and | : | |
| TAMMITHA M. MITCHELL, h/w | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| POWERMATIC CORPORATION, a/k/a | : | |
| POWERMATIC, INC.; JET | : | |
| EQUIPMENT & TOOLS, INC., | : | |
| DEVLIEG-BULLARD, INC., a/k/a | : | |
| DEVLIEG BULLARD II | : | NO. 02-CV-3652 |

**CERTIFICATION OF SERVICE**

______Warren E. Voter, Esquire, does hereby certify that a copy of Defendant's *MOTION FOR SUMMARY JUDGMENT* was served upon all interested counsel via United States First Class Mail, postage prepaid on the date shown below.

**SWEENEY & SHEEHAN**

By:________________________

Warren E. Voter
Attorney for Defendant,
DeVlieg Bullard II, Inc.
Identification No. 38410
19th Floor, 1515 Market St.
Philadelphia, PA 19102
(215) 563-9811

DATE: November 17, 2003