IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. MITCHELL and TAMMITHA M. MITCHELL, husband and wife | : : : : |
| vs. | : 02-CV-3652 : |
| POWERMATIC CORPORATION, a/k/a POWERMATIC, INC., JET EQUIPMENT & TOOLS, INC., AND DEVLIEG-BULLARD, INC. a/k/a DEVLIEG BULLARD II, INC. | : : : : JURY TRIAL DEMANDED : : |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT

In an effort to defeat Defendant's Motion for Summary Judgment, plaintiffs appear to argue that the Powermatic Shaper that caused injury to plaintiffs was manufactured and sold by Powermatic, Inc. and that moving defendant brought about the destruction of the plaintiffs' remedy against Powermatic, Inc. It is submitted that there is no evidence whatsoever that Powermatic, Inc. manufactured or sold the Powermatic Shaper in question nor is there any evidence that defendant's purchase of the assets of the Powermatic division of Devlieg-Bullard, Inc. pursuant to the approval of the Bankruptcy Court brought about the demise of Powermatic, Inc.

Plaintiffs' answers to defendant's interrogatory 8 with its attached exhibits (Exhibit E and F of Defendant's Motion for Summary Judgment) evidence that the Shaper which caused the plaintiff's injuries, a Powermatic Shaper Model 27 was manufactured and sold by Powermatic, a division of Devlieg-Bullard, Inc. Parenthetically, Answer 8 also states that the Shaper was sold to plaintiffs' employer by Baer Supply Company in 1993. However, plaintiffs have opted not to

@PFDesktop\::ODMA/PCDOCS/DOCS/364208/1

sue that entity as a seller of the Shaper.

Contrary to plaintiffs' assertions, the deposition of Ben Nixon, defendants designee, (portions of which are attached to plaintiffs' answer to the motion for summary judgment) belie any contention that the Shaper in question was manufactured by Powermatic, Inc. When asked when Powermatic, Inc. came into existence, Nixon responded it was prior to 1968 and that there was no relationship between Powermatic, a division of Houdaille, Inc. and Powermatic, Inc. (Nixon, pages 12 and 13). He further testified that he did not know whether the business of Powermatic, Inc., prior to its purchase by Houdaille, Inc., included the manufacturer of Shapers such as the Model 27 (Nixon, page 13). Nixon's testimony further belies the unsubstantiated contention of the plaintiffs that Powermatic, Inc. was started in 1986 (page 2 of plaintiffs' brief).

Similarly, plaintiffs' Exhibit D (a supplemental union agreement between Devlieg-Bullard, Inc. and the United Steel Works of America of September 14, 1998) only evidences that at some time in the past, there had been a labor management agreement between Powermatic, Inc. and the union. However, at the time of the agreement, it was noted that the employer's name was being changed from Powermatic, a division of Devlieg-Bullard, Inc. to Powermatic Corporation and this in no way evidences that Powermatic, Inc. was an independent, subsidiary corporation of Devlieg-Bullard, Inc. doing business under the name of Powermatic Division, nor that Powermatic Inc. manufactured or sold The Shaper in question.

On page 3 of plaintiffs' brief, they argue that "there is no evidence that Devlieg-Bullard, Inc. exercised any control or direction over Powermatic, Inc. in the design, manufacture or sale of the Model 27 Shaper, which gives rise to this action". On the contrary, there is no evidence in the record that Powermatic, Inc. had any involvement whatsoever in the manufacture or sale of

the Powermatic Shaper 27 involved in the accident; all evidence is to the effect that the Shaper in question was manufactured and sold by Powermatic Division of Devlieg-Bullard, Inc.

On page 4 of plaintiffs' brief, they assert that the Bankruptcy Court Order acknowledged that the Powermatic Division was not part a of Devlieg-Bullard's core business. The Court Order in question (Exhibit C-5 of defendant's motion) authorizes a sale of substantially all of the assets of Devlieg-Bullard, Inc.'s Powermatic Division free and clear of liens, encumbrances and interests.

Lastly, in reference to the assertions contained on page 5 of plaintiffs' brief, defendant's designee, Nixon, has explained the relationship between Powermatic, Inc. and the Powermatic Division of Devlieg-Bullard: None (Nixon, 12 and 13). Whatever assets of Powermatic, Inc. were purchased by the Powermatic Division of Houdaille, the record is clear that (1) Powermatic, Inc. did not manufacture or sell The Shaper in question; and (2) that no assets of Powermatic, Inc. were acquired through the Bankruptcy Court or otherwise by Jet Equipment or its successors.

As a matter of law, plaintiffs have failed to establish the elements required to find liability against defendant on the basis of the product line exception and defendant therefore reasserts its prayer for summary judgment.

BENNETT, BRICKLIN AND SALTZBURG, LLP

By: _____
JOEL PAUL FISHBEIN, ESQUIRE
Attorney for WMH Tool Group, Inc. (formerly known as Jet Equipment & Tools, Inc.), Successor-By-Merger to Powermatic Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. MITCHELL and :
TAMMITHA M. MITCHELL, husband :
and wife :
 :
      vs. : 02-CV-3652
 :
POWERMATIC CORPORATION, a/k/a :
POWERMATIC, INC., JET EQUIPMENT :
& TOOLS, INC., AND DEVLIEG- :
BULLARD, INC. a/k/a DEVLIEG : JURY TRIAL DEMANDED
BULLARD II, INC. :

## CERTIFICATION OF SERVICE

    I do hereby certify that service of a true and correct copy of the Reply Memorandum of defendant, WMH Tool Group, Inc. (formerly known as Jet Equipment & Tools, Inc.), Successor-By-Merger to Powermatic Corporation was made on the 29th day of December, 2003, to the parties listed below by United States Mail, postage pre-paid.

| | |
|---|---|
| Soren P. West, Esquire | Warren E. Voter, Esquire |
| 319 North Duke Road | **Sweeney & Sheehan** |
| Lancaster, PA  17602-4915 | 1515 Market Street, 19th Floor |
| | Philadelphia, PA 19102 |

BENNETT, BRICKLIN & SALTZBURG LLP

BY: _____
    JOEL PAUL FISHBEIN, Esquire
    Attorney for Defendant
    WMH Tool Group, Inc., (Formerly
    Known as Jet Equipment & Tools, Inc.),
    Successor-By-Merger to Powermatic
    Corporation