IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. MITCHELL and TAMMITHA M. MITCHELL, husband and wife, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 02-3652 |
| v. | : | |
| POWERMATIC CORPORATION, a/k/a POWERMATIC, INC., JET EQUIPMENT & TOOLS, INC., and DEVLIEG-BULLARD, INC., a/k/a DEVLIEG BULLARD II, INC., | : | JURY TRIAL DEMANDED |
| Defendants | : | |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

**1. NATURE OF ACTION AND BASIS OF JURISDICTION**

This is a products liability action based on the negligent design, manufacture and sale of a Powermatic Model 27 wood shaper. This court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75, 000.

**2. BRIEF STATEMENT OF FACTS OF CASE**

On June 8, 2000, Plaintiff Michael Mitchell was operating a Powermatic Model 27 wood shaper in the course of his duties at Brubaker Kitchens in Lancaster, PA. While making a raised panel insert for a cabinet door, Mr. Mitchell was holding the work piece with both hands and feeding it from right to left against the counter-clockwise rotation of the shaper's cutters. Because the edge of the work piece was contoured, the Plaintiff was required to both hold the work piece down on the table and up against the cutters of the shaper without the benefit of a fence to guide his work or a guard to prevent injury.

While the Plaintiff was shaping the work piece it was suddenly and violently pulled to the Plaintiff's right side by the shaper's cutters, causing the Plaintiff's left hand to move forward into the rotating cutters which amputated the thumb and parts of three fingers.

The Powermatic Model 27 Shaper was defective in that it lacked any kind of guard or jig that would prevent the operator’s hand from coming into contact with the Shaper’s cutters, and lacked proper warnings and instructions in the operator’s manual concerning safe procedures for making raised panels.

The Powermatic Shaper Model 27 was designed, manufactured and sold by Powermatic, Inc., an independent subsidiary corporation of its sole shareholder, DeVlieg Bullard, Inc., doing business as the Powermatic Division of DeVlieg Bullard, Inc. Powermatic, Inc.’s assets were sold by it’s parent company DeVlieg Bullard, Inc. to Jet Equipment & Tools, Inc. and ceased to exist. Jet Equipment and Tools, Inc. merged with WMH Tool Group, Inc., which is the successor in interest to the original manufacturer, Powermatic, Inc.

**3. MONETARY DAMAGES**

**A. Past Medical Expenses**

$21,000.00

**B. Past Economic Loss**

Disability period June 8th, 2000 through August 20th, 2000

11 weeks @ 11.12 hr. x 40 hrs/wk = $4,893

**C. Future Wage Loss Potential**

6 years potential work life expectancy decrease

Current wages $11.50/hour

Benefits per U. S. Department of Labor, the U. S. Chamber of Commerce and the Employee Benefit Research Institute, range from 20% to greater than 30%. Conservative 20% will be used.

6 years x 2080 hrs/yr x $11.50/hr plus 20% benefits = $172,224

**D. Life Care Cost**

       Additional 36.5 years of life expectancy. Prosthesis usage will anticipate a duration of four to five years. Thus a minimum of seven replacements.

Costs $12,000 to $15,000 x 7 Replacements = $84,000 to $105,000

**E. Replacement Services Cost**

Mr. Mitchell is unable to perform all the normal duties around the house and replacement services would be an appropriate item of damages however, Plaintiffs have opted to omit this element of damages at this time.

**F. Future Wage Loss If Not Employed at Brubaker Kitchens**

From 7/10/04 through 2/10/21 (work life minus six years)

Minimum Wage Loss - 16.6 years x $2.50/hour x 2080 hours per year = $86, 320

Maximum Wage Loss - 16.6 years x $6.35/hour (current wage minus minimum salary) x 2080 hours per year = $219,253

**4. WITNESSES**

**A. LIABILITY**

**i. EXPECTED TO CALL**

a. Ed Deardorf
Dean Gochner
Michael Snyder

c/o Brubaker Kitchens, Inc.
1422 Manheim Pike
Lancaster, PA 17602

b. Michael J. Mitchell

c. Richard A. Colberg

Robson Lapina
350 New Holland Avenue

                              Lancaster, PA 17602
(717)293-9050

d. Sam Ellis

WMH Tool Group, Inc.

e. Ben Nixon

WMH Tool Group, Inc.

f. Plaintiff reserves the right to call any other agent, employee, or independent contractor of or associated with WMH Tool Group, Inc. who Plaintiff discovers has knowledge of facts relevant to this case.

**ii. MAY CALL, IF NECESSARY**

a. Roy Oatman
Chris Seltzer
Stephen Tuce
Josh Walton
Ed Deardorf
Dean Gochner

c/o Brubaker Kitchens, Inc.
1422 Manheim Pike
Lancaster, PA 17602

b. William Bernstein, Esquire

WMH Tool Group, Inc.

**B. DAMAGES**

**i. EXPECTED TO CALL**

a. Michael J. Mitchell

b. Tammitha M. Mitchell

c. Alan McIntyre

2395 Spring Valley Road

                    Lancaster, PA
(717)393-9568

d. Gary R. Kutay

L&H Group
2889 Graystone Road
East Petersburg, PA 17520

e. Robert Charles Steinman, MD

1671 Crooked Oak Drive
Lancaster, PA 17601

**ii. MAY CALL, IF NECESSARY**

a. Roy Oatman
Chris Seltzer
Stephen Tuce
Josh Walton

c/o Brubaker Kitchens, Inc.
1422 Manheim Pike
Lancaster, PA 17602

b. Edward D. Maley, M.D.

Orthopedic Associates of Lancaster, Ltd.
Lancaster, PA 17602

c. Plaintiff reserves the right to call any other persons who Plaintiff discovers has knowledge of facts relevant to this case.

**5. EXHIBITS**

**A. Liability**

i. Delaware State Certificate of Incorporation of Powermatic Corporation

ii. Delaware State Certificate of Dissolution of Powermatic, Inc.

iii. Asset Purchase Agreement between DeVlieg-Bullard, Inc. and Sunhill NIC Company, Inc.

iv. September 29, 1999 Bankruptcy Court Order of Judge Marilyn Shea Stonum Authorizing Debtor to Sell Powermatic Assets

v. Asset Purchase Agreement between DeVlieg-Bullard and Jet Equipment & Tools, Inc.

vi. Assignment and Assumption Agreement between Powermatic Corporation and Jet Equipment & Tools

vii. Advertisements and web pages of Powermatic products

viii. Supplemental Agreement between Powermatic, Division of DeVlieg Bullard, Inc. and United Steelworkers of America, dated January 31, 2001

____________________

ix. Expert Report of Richard A. Colberg

x. Photographs of Powermatic Shaper Model 27

xi. Photographs of Brubaker Kitchens

xii. Model 27 & 27 PS Shaper Maintenance Instructions and Part List

xiii. Wood Shaper Model 27 & 27 Super Instruction Manual & Parts List

xiv. Technical drawings and designs of Powermatic Shaper Model 27

xv. Powermatic Wood Shaper Model 27

xvi. Photographs of shapers with guards

xvii. Sample guard(s)

**B.   Damages**

    i.     Medical Records

    ii.    Medical Bills

    iii.   X-rays

    iv.    Pillep Hand Prosthesis

    v.     Pictures of injuries

    vi.    Pictures of Plaintiffs' home and family

    vii.   Expert Report of Robert Charles Steinman, M.D.

    viii.  Expert Report of Edward Maley, M.D.

    ix.    Expert Report of Gary R. Kutay

    x.     W2s, Tax Returns and Disability Statements of Michael J. Mitchell

**6.   ESTIMATED TIME OF TRIAL**

4 days.

**7.   SPECIAL COMMENTS**

A.   It may be necessary to amend the caption of the case once the Court has ruled upon a pending Motion for Summary Judgment.

B.   Plaintiffs seek the following stipulations

    i.     the authenticity and admissibility of Plaintiff's medical records

    ii.    that Plaintiff's medical treatment as set forth in his records was reasonable and necessary

    iii.   the authenticity and admissibility of Plaintiff's medical bills

      iv. that Plaintiff's medical bills were fair and reasonable for the treatment rendered

SOREN P. WEST LAW OFFICES

January 5, 2004

BY:_____________________________________

Soren P. West, #08223
Attorneys for Plaintiff
319 North Duke Street
Lancaster, PA 17602-4915
(717) 295-7272